LAW OFFICES OF
JOSEPH R. BROWN
California State Bar No. 143594
13808 VENTURA BLVD.
SHERMAN OAKS, CALIFORNIA 91423
Phone: (818) 907-0880
Facsimile: (818-907-0880)
Email: joebrownlaw@gmail.com

Attorney for Defendants Brittany Alwerud and Handlr, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PET CHECK TECHNOLOGY, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HANDLR, INC., DOGZENERGY, INC., and BRITTANY ALWERUD,<br><br>　　　　Defendants. | Case No.  2:18-cv-00962-R-E<br><br>NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST DEFENDANTS BRITTANY ALWERUD AND HANDLR, INC.<br><br>[F.R.C.P. 12(b)(6)]<br><br>Date:　　June 18, 2018<br>Time:　　10:00 a.m.<br>Courtroom:  880 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

　　PLEASE TAKE NOTICE that on June 18, 2018 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 880 of the above captioned Court located on the 8th Floor of the Roybal Federal Building, 255 East Temple Street in Los Angeles, CA 90012, Defendants Brittany Alwerud and Handlr, Inc. will move the Court, pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6), for dismissal of Count I of Pet Check Technology, LLC's *"Corrected Complaint"* (***"Complaint"***) for Breach of Contract.

1  This motion is made on the grounds that: (1) Plaintiff's claim of direct liability for breach of contract against defendants Brittany Alwerud and Handlr, Inc. is contradicted by Plaintiff's own exhibits; and (2) Plaintiff has failed to allege any facts which would otherwise serve to impose alter ego liability on these moving defendants.

This motion is based upon this Notice of Motion and Motion, the attached Points & Authorities, any exhibits, papers and pleadings on file in this action and upon further matters that may be presented at the hearing.

Dated: April 30, 2018         LAW OFFICE OF JOSEPH R. BROWN

*Joseph R. Brown*

Joseph R. Brown,
Attorney for Defendants,
Brittany Alwerud and Handlr, Inc.

# I

# INTRODUCTION

The Parties to this Action are Plaintiff Pet Check Technology, LLC, (***"Pet Check"***) on the one hand, and Defendants Handlr, Inc. (***"Handlr"***), Dogzenergy, Inc. (***"DogZenergy"***), and Brittany Alwerud, an individual (***"Brittany"***) on the other hand.

DogZenergy is a California corporation. DogZenergy operates an established dog-walking business in San Diego, California. Brittany is DogZenergy's chief executive officer and sole shareholder. DogZenergy began as a sole proprietorship in approximately 2006. By 2012, when the business incorporated, it had a staff of approximately six full or part time dog-walkers and a customer base of approximately 100 dog-owners.

Plaintiff Pet Check is an Illinois limited liability Company. On information and belief, Doug Simon (***"Simon"***) is the sole owner of Pet Check. Pet Check is in the business of licensing an electronic, internet-based scheduling platform for dog walking businesses (*referred to hereinafter as the* ***"Pet Check System"***). Simon applied for a patent on the Pet Check System in approximately 2011. United States Patent No. 9,165,334 (***"'334 Patent"***) was issued to Simon in October of 2015 and assigned to Pet Check on or about December of 2017.

In approximately September of 2012, DogZenergy entered into a licensing agreement (***"Agreement"***) with Pet Check. *See Complaint at Exhibits B and C.* Shortly thereafter, DogZenergy began using the Pet Check System to help keep track of its scheduling and billing needs for its dog-walkers and customers. The licensing/subscription fee for DogZenergy's use of the Pet Check System was $99.00 per month. *See fee schedule attached to Exhibits B and C of the Complaint.*

Between 2012 and 2014, DogZenergy used the Pet Check System and paid the $99.00 per month licensing/subscription fee. However, the Pet Check System was inadequate for DogZenergy's business-management needs.

///

In July of 2014, Brittany incorporated Handlr. Handlr then hired software developers to independently create a multi-faceted, internet-based business management solution platform for small business owners (*the **"Handlr Tech"***). The Handlr Tech is designed for use in a broad range of service industries. It can be used in the dog-walking industry. However, it is not simply a dog-walking application.

In approximately December of 2015, DogZenergy terminated the Agreement with Pet Check and began using the Handlr Tech to track and bill its dog walking customers. In February of 2018, Pet Check initiated this action against DogZenergy, Handlr and Brittany (*as an individual*), alleging damages for: (1) Breach of Contract; (2) Misappropriation of Trade Secrets; and (3) Patent Infringement.

This Motion challenges the adequacy of the pleadings ***only*** with respect to Count I of the Complaint for Breach of Contract against Handlr, Inc. and Brittany (*as an individual*). Defendants unequivocally deny any misconduct whatsoever. However, Plaintiff's infringement claims and trade secrets claims are not the subject of challenge at the pleading stage.

# I

# POINTS & AUTHORITIES

The grounds for this Motion are that: (1) Pet Check's claim of contract liability against Brittany and Handlr is contradicted by Plaintiff's own exhibits; and (2) Pet Check has failed to allege any facts which would otherwise serve to impose alter ego liability on these moving Defendants. It is well-established that where, as here, Plaintiff's allegations in the Complaint are contradicted by facts established in documents attached as exhibits to the Complaint, the court may disregard the allegations. <u>Sprewell v. Golden State Warriors</u>, 266 F3d 979, 988 (9th Cir. 2001).

Further, conclusory allegations of *"alter ego"* status, without more, are insufficient to state a claim upon which relief can be granted. In order to overcome a motion to dismiss, the party seeking to pierce the corporate veil must allege with ***specificity*** both of the elements necessary to state a claim for alter ego liability as well

as *specific facts* supporting each element. Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003). As discussed below, Pet Check has failed to allege any of the factual elements necessary to impose alter ego liability on either Handlr or Brittany.

A. **A Rule 12(b)(6) Motion is Appropriate Where Plaintiff's Pleadings are Contradicted by the Exhibits Attached to Its Complaint.**

A Rule 12(b)(6) motion is similar to the common law general demurrer: *i.e.* it tests the legal sufficiency of the claim or claims stated in the complaint. Thus, a Rule 12(b)(6) dismissal is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Caltex Plastics, Inc. v. Lockheed Martin Corp. 824 F3d 1156, 1159 (9th Cir. 2016).

When reviewing a 12(b)(6) motion, the court accepts all well-pleaded material facts as true and draws all reasonable inferences in favor of the plaintiff. Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012). However, exhibits properly submitted with the complaint are considered a part of the complaint for purposes of a Rule 12(b)(6) motion to dismiss. *See, Federal Rule of Civil Procedure, Rule 10(c);* Harris v. Amgen, Inc. 788 F3d 916, 934 (9th Cir. 2015).

In this case, throughout the Complaint, Plaintiff repeatedly alleges that it was Brittany (*individually*) who entered into a contract with Pet Check.[1] Yet, the actual contract, which Plaintiff has attached to the Complaint, is *exclusively* between Pet Check and the corporation, DogZenergy, Inc. *Complaint at Exhibits B & C.*

There are no allegations anywhere in the Complaint that Pet Check did not understand it was contracting with a corporate entity. Instead, Pet Check has simply ignored the documents which it attached to its own complaint and disingenuously asserts throughout the Complaint that it was Brittany, as an individual, and not the corporation, DogZenergy, with whom it contracted notwithstanding the clear evidence

---

[1] See, e.g. Complaint at ¶¶12, 14, 15, 17, 19, 20, 21, 22, 23, 46, & 47

to the contrary. *Complaint at Exhibit C*. Pet Check then, without explanation, asserts that **all** defendants, including Handlr, Inc. are liable to it for damages for breach of a contract (*Complaint at ¶49)*, even though Handlr was not formed until two years after the fact (*Complaint at ¶16)*.

Where allegations in the complaint are contradicted by facts established by reference to documents attached as exhibits to the complaint, the *"the exhibit trumps the allegations"* and the allegations may be disregarded by the court. <u>Thompson v. Illinois Dept. of Professional Regulation,</u> 300 F3d 750, 754 (7th Cir. 2002); *see also* <u>Sprewell v. Golden State Warriors</u>, 266 F3d 979, 988 (9th Cir. 2001) *(the court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint)*. Accordingly, the allegations in the Complaint that Brittany (*or Handlr*) contracted with Plaintiff must be disregarded and the First Cause of Action for Breach of Contract against Brittany and Handlr must fail.

**B.     To the Extent Pet Check's Claims Against Brittany and Handlr For Breach of Contract are Predicated on Alter Ego Liability, Such Claims Must Be Specifically Pled.**

Despite Pet Check's contradictory pleadings, it appears that its efforts to impose contract liability against Brittany and Handlr may be predicated upon an alter ego theory. *Complaint at ¶¶13-18*. However, the Complaint itself is completely devoid of any of the factual elements necessary to impose alter ego liability on either Brittany or Handlr.

A corporation is a legal entity that shields individuals, shareholders, and other entities from unlimited liability based on the corporation's conduct. <u>Fontana v. TLD Builders, Inc</u>., 362 Ill.App.3d 491, 500, 840 N.E.2d 767, 298 Ill.Dec. 654 (2005). Courts will pierce the corporate veil only where: (1) there is such a unity of interest and ownership that the separate personalities of the corporation and the parties who compose it no longer exist, and (2) circumstances are such that adherence to the fiction of a separate corporation would promote injustice or inequitable circumstances. *See,*

*Buckley v. Abuzir*, 2014 IL App (1st) 130469 ¶13, 8 N.E.3d 1166, 1170 (2014); *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1115-1116 (C.D. Cal. 2003).

To overcome a motion to dismiss, the party seeking to pierce the corporate veil must adequately plead facts which are sufficient to satisfy **both** elements. Mere conclusory allegations of *"alter ego"* status are insufficient to state a claim. Rather, a plaintiff must allege with specificity both of the elements necessary to state a claim for alter ego liability as well as **specific facts** supporting each element. *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003).

Notably, under Illinois law, which Plaintiff seeks to apply, piercing the corporate veil is even more difficult in breach of contract cases.[2] *See*, *Saletech, LLC v. E. Bait, Inc.*, 20 N.E.3d 796, 806 (1st Dist. 2014). In Illinois, in order to assign alter ego liability to defendants who are not parties to a contract, courts often require *"additional compelling facts"* such as allegations of fraud. *Saletech, LLC v. E. Bait, Inc.*, 20 N.E.3d 796, 806 (1st Dist. 2014). The reason is that a party seeking relief presumably entered into the contract with the corporate entity voluntarily and knowingly and expecting to suffer the consequences of the limited liability status of the corporate form. *Id*.

In this case, Plaintiffs have alleged that Brittany is the sole shareholder of both DogZenergy and Handlr. *Complaint at ¶¶4&5*. From there, Plaintiffs conclude without any further supporting factual allegations, that Brittany was acting as *"an agent, representative and/or alter ego of co-defendant DogZenergy, Inc." Complaint at ¶13*. Then, without any underlying factual support at all, Plaintiffs appear to conclude that Handlr is also the alter ego of either Brittany or DogZenergy (*unclear which*) simply by virtue of Brittany's purported ownership interest in both corporations.

---

[2] The contract which is the subject of Pet Check's First Cause of Action provides that it is governed by Illinois law. *See, Exhibit B to the Complaint at Section 17(N)*.

*Complaint* at ¶¶4&5. These claims, without more, are insufficient to satisfy the specific pleading requirements necessary to state a cause of action for breach of contract against Handlr or Brittany.

The separateness of corporate entities may not be disregarded merely because two corporations share common officers or because one person is the sole shareholder of either or both corporations. *See, e.g.* <u>Walker v. Dominick's Finer Foods, Inc</u>. (1981), 92 Ill. App.3d 645, 649, 415 N.E.2d 1213, 1217. Rather, the party seeking to have the corporate entity disregarded must come forward with a substantial showing that one corporation is really a dummy or sham for another. <u>Id</u>; *see also*, <u>Neilson v. Union Bank of California, N.A.</u>, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003). Pet Check has not, and cannot, make such a showing.

Prior to bringing this Motion, counsel for the parties extensively met and conferred pursuant to Local Rule 7-3. Despite repeated opportunities for Pet Check to amend the Complaint to state actual facts which would give rise to alter ego liability against Brittany or Handlr, Plaintiff has failed to come forward with such factual allegations. The reason is that those facts do not exist.

## III

## CONCLUSION

For the reasons set forth above, Plaintiff's First Cause of Action for Breach of Contract against Brittany and Handlr should be dismissed without leave to amend.

RESPECTFULLY SUBMITTED,

Dated: April 30, 2018     LAW OFFICE OF JOSEPH R. BROWN

*Joseph R. Brown*

Joseph R. Brown,
Attorney for Defendants,
Handlr, Inc. and Brittany Alwerud

## DECLARATION OF JOSEPH R. BROWN RE:
## MEET & CONFER REQUIREMENTS OF LOCAL RULE 7-3

I, Joseph R. Brown, declare as follows:

1. I am an attorney licensed to practice law before all Courts in the State of California and attorney for Defendants, Handlr, Inc. and Brittany Alwerud.

2. On April 5, 2018, I met and conferred telephonically with counsel for Plaintiff, Tanvi Patel and Gregory Leighton, with respect to the the substance of the within motion pursuant to L.R. 7-3. On April 11, 2018 and April 12, 2018 counsel for the Parties corresponded in writing in a further effort to meet and confer prior to bringing this matter before the Court. Although the discussions were substantive and cordial, efforts to informally resolve the issues raised by the motion were unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 30th day of April 2018 at Sherman Oaks, California.

*Joseph R. Brown*
Joseph R. Brown

(PROOF OF SERVICE BY MAIL - 1013, 2015.5 C.C.P.)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am resident of the county aforesaid; I am over the age of eighteen years and not a party to the within action; my business address is 13808 Ventura Blvd., Sherman Oaks, California 91423.

On April 30, 2018, I caused the NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST DEFENDANTS BRITTANY ALWERUD AND HANDLR, INC. FOR FAILURE TO STATE A CAUSE OF ACTION to be served on the parties in said action by CM/ECF electronic service and by enclosing a true copy in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as indicated below:

KARIN G. PAGNANELLI - Attorney for Plaintiff
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
kgp@msk.com

GREGORY J. LEIGHTON - Attorney for Plaintiff
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, IL 60602-3801
gleighton@nge.com

TANVI B. PATEL
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, IL 60602-3801
tpatel@nge.com

I certify, (or declare), under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on April 30, 2018 at Los Angeles, California.

*Joseph R. Brown*
Joseph R. Brown