JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PET CHECK TECHNOLOGY LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>HANDLR, INC., DOGZENERGY, INC., and BRITTANY ALWERUD,<br><br>    Defendants. | CASE NO. 2:18-cv-962-R-FFM<br><br>Honorable Manuel L. Real<br><br>**ORDER OF DISMISSAL WITH PREJUDICE** |
| AND RELATED COUNTERCLAIM. | |

Pursuant to Settlement Agreement ("Agreement" or "Settlement Agreement") entered into by and between Plaintiff and Counterdefendant PET CHECK TECHNOLOGY, LLC ("Plaintiff"), on the one hand, and Defendants and Counterclaimants DOGZENERGY, INC., HANDLR, INC. AND BRITTANY ALWERUD ("Defendants") on the other hand (collectively the "Parties"), and the Court being sufficiently advised,

IT IS HEREBY ORDERED: Pursuant to Rule 41(a) of the Federal Rule of Civil Procedure, at the request of the Parties, the First Amended Complaint (dkt. #52) (hereafter "Complaint") and the Counterclaim (dkt. #27) (collectively referred to hereafter as the "Action") are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED THAT notwithstanding the dismissal of the Action, the Court hereby retains jurisdiction to enforce the following terms of settlement, which are incorporated below into this Order of Dismissal:

1. **Each Party to Bear its Own Fees and Costs**. Except with respect to the enforcement of the Settlement Agreement, each Party herein shall bear their own attorney's fees and costs in the Action.

2. **Settlement of Complaint**: The terms of settlement of the Complaint shall be pursuant to a separate confidential agreement between the Parties.

3. **Settlement of Counterclaim**: As a material consideration for Defendants' dismissal of the Counterclaim, Plaintiff agrees and covenants to never again sue, or threaten to sue, Defendants, or any of them, or any of their respective past, present or future officers, directors, members, employees, agents, shareholders, subsidiaries, successors, assigns, personal representatives, related organizations, divisions, sub-divisions, attorneys, trustees, partners, or customers (past, present or future), for any matter arising out of Plaintiff's claimed proprietary rights to the Pet Check System, the '334 Patent, or any claimed continuations, divisionals, continuations in part (CIP), derivatives or extensions thereof. This covenant not to sue shall extend to and be binding upon Plaintiff, Plaintiff's successors and assigns as well as Plaintiffs' officers, directors, members, agents, shareholders, subsidiaries, personal representatives, related organizations, divisions, sub-divisions, attorneys, trustees, partners, or their respective heirs, executors, trustees, or administrators.

For the purposes of eliminating any ambiguity, this covenant not to sue is intended to fully and forever preclude Plaintiff, its principals, successors and/or assigns from pursuing any legal action whatsoever against any person or entity, by alleging that Handlr's internet-based business management platform for small business owners (referred to as the "Handlr Tech"), as it exists now or as modified in the future, infringes upon the '334 Patent, any future continuations, divisionals,

CIPs, derivatives or extensions thereof, or any other claimed proprietary rights associated with the general function of the Pet Check System as a "Pet and People Care Management System".

   4. **Releases.**

      a. **Plaintiff**.  Except for the obligations set forth in this Agreement, Plaintiff (acting on its own behalf and on behalf of its agents, attorneys, creditors, heirs, executors, trustees, administrators, assigns, personal representatives, and successors-in-interest of any kind) hereby releases, remises, relieves and forever discharges Defendants, and each of them, and each and all of their respective past and present officers, directors, members, employees, former employees, agents, shareholders, subsidiaries, successors, assigns, personal representatives, predecessors, parent entities, related organizations, divisions, attorneys, trustees, partners, and their respective heirs, executors, trustees, and administrators of and from any and all claims, debts, liabilities, demands, judgments, accounts, obligations, promises, acts, agreements, costs, expenses (including but not limited to attorneys' fees), damages, actions and causes of action, of any kind or nature based on, arising out of, relating to or in connection with any act, omission, statement, occurrence, obligation or condition in connection with the Action.

      b. **Defendants**.  Except for the obligations set forth in this Agreement, Defendants and each of them (acting on their own behalf and on behalf of their agents, attorneys, creditors, heirs, executors, trustees, administrators, assigns, personal representatives, and successors-in-interest of any kind) hereby release, remise, relieve and forever discharge Plaintiff, and each and all of its respective past and present officers, directors, members, employees, former employees, agents, shareholders, subsidiaries, successors, assigns, personal representatives, predecessors, parent entities, related organizations, divisions, attorneys, trustees, partners, and their respective heirs, executors, trustees, and

administrators of and from any and all claims, debts, liabilities, demands, judgments, accounts, obligations, promises, acts, agreements, costs, expenses (including but not limited to attorneys' fees), damages, actions and causes of action, of any kind or nature based on, arising out of, relating to or in connection with any act, omission, statement, occurrence, obligation or condition in connection with the Action.

    c. **Waiver of Section 1542 of the California Civil Code**. The Parties hereby agree that notwithstanding any prior application of law in the Action, the laws of the State of California shall apply to this Agreement and any enforcement thereof. Accordingly, the Parties acknowledge that they may subsequently learn of claims which they may have and which are currently unknown to them, and that they may subsequently learn about facts or circumstances which are currently unknown to them or which are different from what they currently know or understand to be true. Nevertheless, except for the obligations set forth in this Agreement, it is the intention of the Parties that this Agreement shall be effective as a full and final release of every claim released herein, whether known or unknown, whether suspected or unsuspected, or whether concealed or hidden from them. In furtherance of this intention, the Parties, and each of them, acknowledge that they have been advised by their respective counsel herein and are familiar with the provisions of section 1542 of the California Civil Code, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Parties, being aware of said code section, expressly waive any rights they may have under said code section, as well as under any other statutes or common law principles of similar effect.

**6.     Confidentiality**

This Agreement, and all information concerning its terms and the negotiations leading up to this Agreement, are confidential and shall not be disclosed to any person or entity other than the Parties hereto and their counsel, except that:

    a.     The Parties may make such disclosures as are required by law for purposes of compliance with public reporting, court orders, or discovery requests in civil litigation;

    b.     The Parties may make such disclosures to their attorneys, accountants or government tax authorities as are necessary for audit or tax purposes;

    c.     The Parties may make disclosures necessary to a court to enforce this Agreement (including the incorporation of the terms of settlement into this Court's Order of Dismissal); and

    d.     The Parties and their counsel may disclose to third parties that they have settled the Action in its entirety, but may not discuss the terms of this Agreement or the negotiations leading up to this Agreement.

**7.     Costs and Attorneys' Fees.**

If any legal action or other proceeding is brought for the enforcement or interpretation of this Agreement, the prevailing Party shall be entitled to recover reasonable attorneys' fees and costs incurred in that action or proceeding, in addition to any other relief to which he/she/it may be entitled.

IT IS SO ORDERED.

DATED: January 22, 2019

_____
Honorable Manuel L. Real
United States District Judge

Mitchell Silberberg & Knupp LLP

5

We, the undersigned, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: January 11, 2019

GREGORY J. LEIGHTON
TANVI B. PATEL
NEAL, GERBER & EISENBERG LLP

KARIN G. PAGNANELLI MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Karin G. Pagnanelli
Karin G. Pagnanelli
Attorneys for Plaintiff and Counterdefendant
Pet Check Technology, LLC

DATED: January 11, 2019

LAW OFFICES OF JOSEPH R. BROWN

By: /s/ Joseph R. Brown
Joseph R. Brown
Attorneys for Defendants and Counterclaimants DogZenergy, Inc., Handlr, Inc., and Brittany Alwerud